UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12- 20757-CR-Martinez

UNITED STATES OF AMERICA

vs.

KAREN KALLEN-ZURY et al.

                **Defendant.**

_____/

THE GOVERNMENT'S
MOTION TO PRECLUDE ADVICE OF COUNSEL AND GOOD FAITH DEFENSES
OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING DISCOVERY

The United States, by and through undersigned counsel, hereby seeks an order: (1) precluding Defendant Kallen-Zury from asserting an advice of counsel or good faith defense at trial (either via counsel, other witnesses/evidence, or her own testimony) or, in the alternative; (2) for an order permitting the government to investigate and take discovery on relevant communications by and between Defendant Kallen-Zury and her counsel.

FACTUAL BACKGROUND

I.      INDICTMENT AND CHARGES

On October 2, 2012, a grand jury sitting in the Southern District of Florida, Miami Division, returned a 16-count indictment charging Kallen-Zury in 14 counts. The grand jury charged Kallen-Zury with one count of conspiracy to commit wire fraud and health care fraud, in violation of 18 U.S.C. § 1349, five counts of wire fraud, in violation of 18 U.S.C. § 1343, two

1

counts of health care fraud, in violation of 18 U.S.C. § 1347, one count of conspiracy to pay and receive health care bribes and kickbacks, and to defraud the government, in violation of 18 U.S.C. § 371, and five counts of paying health care bribes and kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2).  The statutory maximum sentence Kallen-Zury faces for these crimes in 170 years' incarceration.  Her advisory Guidelines sentence is life.  Kallen-Zury faces restitution and forfeiture awards of tens of millions of dollars.

Defendant Kallen-Zury was an owner and the Chief Executive Officer ("CEO") of Hollywood Pavilion, LLC ("HP").  The majority of HP's patient population was made-up of Medicare patients who were purchased by HP through bribes and kickbacks.

## II.     DEFENDANT'S ASSERTIONS OF PRIVILEGE

The Indictment charges, among other things, that Defendant Kallen-Zury paid illegal health care bribes and kickbacks to individuals in return for Medicare patient referrals, in violation of 42 U.S.C. § 1320a-7b(b) (the "Anti-Kickback Statute").

During the course of the government's investigation, the government learned that Defendant Kallen-Zury received legal advice regarding compliance with the Anti-Kickback Statute from counsel, Baker & Hostetler LLP ("Baker & Hostetler").  Specifically:

- Pre-indictment, on July 27, 2012, during a presentation by then-counsel for Defendant Kallen-Zury, then-counsel noted the availability of several defenses that Defendant Kallen-Zury could assert if the case was charged and proceeded to trial.  The government asked whether the Defendant would pursue an advice of counsel defense and, if so, whether the government could investigate relevant communications.  Then-counsel stated that relevant communications between Defendant Kallen-Zury and counsel were privileged and that Defendant Kallen-Zury was not, at that time, asserting an advice of counsel defense or otherwise waiving privilege.

- Pre-indictment, after current counsel was retained, the government again discussed with counsel for Defendant Kallen-Zury whether Defendant Kallen-Zury intended to assert an advice of counsel defense. Counsel again asserted privilege over relevant communications between defendant Kallen-Zury and attorneys at Baker & Hostetler (among others) and resolved to discuss the possibility of an advice of counsel defense with the government at a later date.

- Post-indictment, the government and counsel have discussed whether and to what extent Defendant Kallen-Zury may assert an advice of counsel defense in this case. To date, however, Defendant Kallen-Zury maintains her assertion of privilege over relevant communications between Defendant and Baker & Hostetler, among other counsel.

The government anticipates that Defendant Kallen-Zury will assert, as a defense at trial (either through counsel, witnesses, documents, or through her own testimony), that she relied on her attorneys to rebut charges that she criminally violated certain provisions of the Anti-Kickback Statute.

Based on discussions with counsel for Defendant-Kallen Zury, there are <u>at least</u> eight letters from Baker & Hostetler to Defendant Kallen-Zury that are relevant to the case, which span from 2003 to 2008, along with oral communications to and from counsel and Defendant Kallen-Zury during this timeframe. There may also be additional relevant communications and documentary evidence by and between Defendant Kallen-Zury and Baker & Hostetler (along with other counsel).

## ARGUMENT

### I. LEGAL STANDARD

"[T]he attorney-client privilege was intended as a shield, not a sword." <u>Cox v. Adm'r United States Steel & Carnegie</u>, 17 F.3d 1386, 1418 (11th Cir. 1994) (internal citations and quotations omitted). "[T]he attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to

3

allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." Id. at 1419; see also United States v. Bilzerian, 929 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."). "It is well established that when a party asserts a defense, such as the advice of counsel defense . . . that party waives the attorney-client privilege." Inmuno Vital, Inc. v. Telemundo Group, 203 F.R.D. 561, 564 (S.D. Fla. 2001).

Similarly, "[t]his waiver principle is applicable [where a criminal defendant's] testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue." Bilzerian, 926 F.2d at 1292. "[A]ffirmatively to assert good faith [] inject[s] the issue of [] knowledge of the law into the case and thereby waive[s] the attorney-client privilege." Cox, 17 F.3d at 1419.

A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice of counsel defense." Vicinanzo v. Brunschwig & Fils, Inc., 739 F. Supp. 891, 894 (S.D.N.Y. 1990); see, e.g., K & S Assocs., Inc. v. Am. Ass'n of Physicists in Med., No. 09-1108, 2011 U.S. Dist. LEXIS 144103, at *2 (M.D. Tenn. Dec. 14, 2011) ("Defendant's failure to make a full disclosure of the legal opinions during discovery constitutes a waiver of the advice of counsel defense and consequently, Defendant is precluded from relying on an advice of counsel defense at trial."); Trouble v. The Wet Seal, Inc., 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) ("[defendant] waived an available advice of counsel defense by objecting, based on the attorney-client privilege, to [Plaintiff's] discovery requests" and therefore the defendant "may not refer to any evidence of

advice of counsel"); Vicinanzo, 739 F. Supp. at 894 ("Unless [Defendant] makes full and immediate disclosure of all legal opinions . . . it shall be precluded at trial from asserting an advice of counsel defense.").

## II. DEFENDANT KALLEN-ZURY SHOULD NOT BE ALLOWED TO ASSERT AN ADVICE OF COUNSEL OR GOOD FAITH DEFENSE AT TRIAL OR, IN THE ALTERNATIVE, THE GOVERNMENT SHOULD BE ALLOWED TO INVESTIGATE AND TAKE DISCOVERY ON RELEVANT COMMUNICATIONS BY AND BETWEEN DEFENDANT AND COUNSEL

Before indictment, the government and the grand jury were effectively foreclosed from investigating relevant communications (both documentary and oral) by and between Defendant Kallen-Zury and counsel based on claims of privilege by Defendant Kallen-Zury. To date, nothing has changed with respect to Defendant Kallen-Zury's claims of privilege.[1] Defendant Kallen-Zury still asserts privilege over communications by and between her and counsel regarding compliance with the Anti-Kickback Statute and other relevant communications.

**First**, the government fears that Defendant Kallen-Zury will, at the last minute before or during trial, assert an advice of counsel defense based on Defendant Kallen-Zury's discussions with counsel. The government seeks an order preventing Defendant Kallen-Zury from asserting any such defense based on her claims of privilege over relevant evidence to date. Vicinanzo, 739 F. Supp. at 894 ("Unless [Defendant] makes full and immediate disclosure of all legal opinions . . . it shall be precluded at trial from asserting an advice of counsel defense.").

---

[1] The government and counsel for Defendant Kallen-Zury have worked together to identify materials that, from the government's perspective, may be subject to the crime-fraud exception to the attorney-client privilege. Relevant documents are now with a separate group of government counsel (the "Privilege Team"), who will determine which, if any, materials the investigation team may seek to review based on the crime/fraud exception to the attorney-client privilege, among other grounds.

5

**Second**, Defendant's current position is that Defendant may offer a good faith defense based, in part, on the fact that Defendant "hired attorneys, accountants and other professionals" and "expected these professionals to identify any problems in the operation of her business." (See Rule 88.9 Certificate). By affirmatively asserting a good faith defense, Defendant Kallen-Zury waives privilege over communications by and between her and counsel regarding all matters relevant to her good faith.[2] See Cox, 17 F.3d at 1419 ("[A]ffirmatively to assert good faith [] inject[s] the issue of [] knowledge of the law into the case and thereby waive[s] the attorney-client privilege."). The government will be unfairly prejudiced unless it is allowed the opportunity to conduct discovery and investigate Defendant's good faith via her discussions with counsel (Baker & Hostetler and potentially others). Such a tactic, if allowed, would violate the long-standing maxim that the "attorney-client privilege cannot at once be used as a shield and a sword." Bilzerian, 926 F.2d at 1292.

The government therefore moves to preclude both an advice of counsel defense and a good faith defense based on the fact that Defendant Kallen-Zury has, to date, refused to allow the government the ability to investigate matters relating to communications by and between Defendant and counsel (including but not limited to Baker & Hostetler) regarding compliance with the Anti-Kickback Statute and matters relating to Defendant's good faith. In the alternative, the government seeks an order permitting investigation into relevant communications by and between Defendant and counsel and requiring the inspection/production of relevant documents to the government.

---

[2] At the least, all communications (documentary and oral) by and between Defendant Kallen-Zury and counsel relating to "problems in the operation of [Defendant's] business" are not privileged because such information goes to the heart of one of Defendant's trial defenses and, therefore, waives privilege over these communications.

## **CONCLUSION**

For the reasons listed above, the government respectfully requests that this Court: (1) preclude Defendant Kallen-Zury from asserting an advice of counsel or good faith defense at trial (either through counsel, other witnesses/evidence, or her own testimony) or, in the alternative; (2) for an order permitting the government to take discovery and investigate relevant communications by and between Defendant Kallen-Zury and her counsel.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   /s/ Robert Zink
      Robert A. Zink
      Florida Special Bar No. A5501735
      Trial Attorney
      United States Department of Justice
      Criminal Division, Fraud Section
      1400 New York Ave., NW
      Washington, DC 20005
      Tel: (202) 285-4688
      Email: robert.zink@usdoj.gov

## **RULE 88.9 CERTIFICATE**

I, Robert Zink, certify that I have conferred with counsel for Defendant Kallen-Zury on this matter. Defense counsel's position is: "Mrs. Kallen-Zury will not assert a formal advice of counsel defense. Counsel reserves the right to offer as part of a defense of general good faith that Mrs. Kallen-Zury hired attorneys, accountants and other professionals and that Mrs. Kallen-Zury expected these professionals to identify any problems in the operation of her business."

## **REQUEST FOR A HEARING**

The government respectfully requests a hearing on its Motion to Preclude Advice of Counsel and Good Faith Defenses or, in the Alternative, for an Order Compelling Discovery.

## CERTIFICATE OF SERVICE

  I, Robert A. Zink, certify that the foregoing has been served on all attorneys of record in the above-captioned case via the CM/ECF electronic filing system.

              By: /s/ Robert Zink_____
                 Robert A. Zink
                 Florida Special Bar No. A5501735
                 Trial Attorney
                 United States Department of Justice
                 Criminal Division, Fraud Section
                 1400 New York Ave., NW
                 Washington, DC 20005
                 Tel: (202) 285-4688
                 Email: robert.zink@usdoj.gov

Dated:  January 20, 2013