UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20757-MARTINEZ/McALILEY

UNITED STATES,
   Plaintiff,

v.

KAREN-KALLEN-ZURY,
   Defendant.
               /

**DEFENDANT KAREN KALLEN-ZURY'S MOTION IN LIMINE
FOR CAUTIONARY INSTRUCTION DURING TRIAL**

  Defendant Karen Kallen-Zury, through undersigned counsel, hereby asks that the Court approve the giving of a cautionary instruction during the trial of this case at appropriate times, depending on the testimony of Government witnesses, regarding how the jury is to treat issues relating to alleged violations of civil rules and regulations. This issue will arise, inter alia, during the testimony of Government witness Stephen Quindoza, who will be called by the Government to comment on Medicare rules and regulations. We ask that the Court prior to such testimony, advise the jury that a violation of civil statutes and Medicare rules and regulations is not a crime and that the defendants are not on trial for a civil violation or even medical malpractice. Such instructions have been given in similar healthcare fraud cases, including by the Honorable Judge Seitz in the American Therapeutics trial and the Honorable Robert Scola in the Biscayne Milieu trial. Attached as Exhibit A is a copy of the instruction rendered by Judge Scola.

  Case law clearly holds that using evidence of a violation of civil regulations to prove criminal violations is impermissible, and that it would be error if such evidence were introduced

during trial. See United States v. Wolf, 820 F.2d 1499, 1505 (9th Cir. 1987); United States v. Christo, 614 F.2d 486 (5th Cir. 1980).

In United States v. Wolf, 820 F.2d 1499 (9th Cir. 1987), the defendant's convictions based on misapplication of funds (18 U.S.C. § 656) and false statements (§ 1005) were reversed and the case remanded for a new trial, when the Government through its indictment and evidence at trial presented proof that the defendant had violated Banking Regulation O.

> With regard to each of these counts, the indictment charged that [the defendant] committed a criminal act in part because the loan applications failed to disclose Wolf's connection with First Northwest, the ultimate beneficiary of the loans. However, neither § 656 nor § 1005 requires a loan applicant to reveal any particular information. . . . Through its expert witness the government established that Regulation 0 imposed a duty on Wolf to inform the bank's directors that he had an interest in the loans for which [third parties] were applying. In sum, the government used Regulation 0 to supply a crucial element of the misapplication and false entry charges.

Id. at 1505.  Furthermore, the Court held that curative jury instructions describing Regulation 0 as merely background evidence did not render the error harmless. Id.

In United States v. Christo, 614 F.2d 486 (5th Cir. 1980), the Court reversed and remanded a case where the defendant's convictions were based at least in part on his violating a civil banking regulation, 12 U.S.C. § 375a, regulating the amount which may be loaned to an insider. The court held that, upon retrial of the case, the government would have to present its case "unaided by any prejudicial reference to violation of § 375a." Id. (footnote omitted).

In addition to Christo and Wolf, other courts have found use of evidence of civil or regulatory violations to be improper. In United States v. Riddle, 103 F.3d 423 (5th Cir.1997), the court applied Christo in holding that the admission of evidence of civil violations contained in various reports constituted reversible error. As the court explained:

> Introducing these documents into evidence did more than provide the jury with evidence that Riddle knew that he should have come clean with the TNB-W board. It provided the

> jury with a four-year history of Riddle's banking endeavors that tied him to dozens of regulatory violations. It gave the jury reason to connect Riddle's 1985 scheme with two gloomy reports issued after his allegedly criminal conduct was complete. At bottom, it put Riddle at the center of a spectacular bank failure. But Riddle was not on trial for being an ineffective or even a corrupt banker. He was on trial for using his position as a TNB-W officer to convince the TNB-W board to purchase participations from Vernon that would help him personally and disregarding his duty to disclose his personal interest in the deal. The reports - as well as much of Meir's testimony drawn from them -- were of little probative value on that score in comparison to the danger of prejudicing, confusing, or misleading the jury. See Fed.R.Evid. 403.

Id. at 431.

Similarly, in United States v. Jakeway, 783 F.Supp. 590 (M.D. Fla. 1992), the court granted the defendant's motion for a new trial as to certain counts due to the government's references throughout the trial to violations of civil regulations.

> Throughout this trial, the government has repeatedly confused Wilfred's ethical shortcomings and possible regulatory violations with substantive proscriptions of criminal law. The government repeatedly elicited testimony concerning Wilfred's unprofessional practices without ever relating that evidence to the crimes charged in the indictment. In addition, violations of federal civil regulations do not create criminal offenses prosecutable in federal court. References to regulations are improper if their purpose or effect is to suggest to the jury that it could find a defendant guilty by reason of his violation of the regulation... Improper evidence such as this constitutes grounds for a new trial when there is a reasonable likelihood that the evidence affected the defendant's substantial rights... This court finds that there is a reasonable probability that the jury relied on this improper evidence in determining Jakeway's guilt as to all counts.

Id. at 596 (citations omitted); see United States v. Shankman, 13 F.Supp. 2d 1358 (S.D. Ga. 1998) (government's presentation of violation of civil regulations required a new trial; the evidence confused the jury and improperly prejudiced defendant).

Since Christo, some courts have found that all evidence of civil violations need not necessarily by excluded from trial. In those cases, however, the evidence at issue was not extensive. For example, in United States v. Stefan, 784 F.2d 1093 (11th Cir. 1986), cert. denied

479 U.S. 1009 (1986), the court held that the trial court did not err in allowing the introduction of evidence concerning infractions of a civil regulatory banking statute. In so holding, the court discussed Christo and concluded that under Christo, "it is not always error to allow evidence of civil banking statute violations in a criminal misapplication trial." 784 F.2d at 1098. According to Stefan, if the evidence of civil violations is introduced for purposes other than to show criminal misapplication "and the evidence is not presented in such a way that the jury's attention is focused on the civil violations rather than the criminal ones," there is no error.

Specifically, in Stefan the evidence was admitted (albeit with a cautionary instruction) solely because discussion of "loan to one borrower" rules helped explain why the defendants acted in the manner they did, using nominees and making false statements to obtain bank money. In other words, this evidence showed the defendants' motive and intent which was wholly separate from the violation of the bank's lending limits.

In this case, the issues relating to Hollywood Pavilion's compliance with the rules and regulations of Medicare, for example, could prejudice, mislead and confuse the jury.

## Rule 88.9

Undersigned has communicated with Government counsel Robert Zink, and understands that the Government does not oppose an appropriate cautionary instruction along the lines of the instructions given by the Honorable Judge Seitz.

Respectfully Submitted,

/s/ Michael Pasano
Michael S. Pasano
Florida Bar No. 475947
E-mail: mpasano@carltonfields.com
Marissel Descalzo
Florida Bar No. 669318
E-mail: mdescalzo@carltonfields.com
100 S.E. 2nd Street, Suite 4200
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
Attorneys for Defendant Karen Kallen-Zury

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby effectuated service on all counsel of record.

## SERVICE LIST

Ron Gainor
150 W. Flagler Street
Suite 2701
Miami, FL 33130
Attorney for Christian Coloma

T. Omar Malone
Malone Law Firm
701 Brickell Avenue
Suite 1550
Miami, FL 33131
Attorney for Daisy Miller

Andrew H. Warren,
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Ave., NW
Washington, DC 20005

Robert Zink
Trial Attorney
U.S. Department of Justice
Criminal Division – Fraud Section
1400 New York Avenue, N.W.
Washington, DC 20005

Bruce Zimet, Esq.
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394
Attorney for Michelle Petrie